UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**CHARITY TONEY,** individually, and on behalf of others similarly situated,

        Plaintiff,

vs.

**B&G FOODS, INC.,**

        Defendant.

Case No.

**COLLECTIVE AND CLASS ACTION**
**COMPLAINT WITH JURY DEMAND**

Plaintiff, CHARITY TONEY, individually and on behalf of all others similarly situated, by and through her attorneys BROWN, LLC, hereby brings this Collective and Class Action Complaint against Defendant, B&G FOODS, INC., and states as follows:

**INTRODUCTION**

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, CHARITY TONEY (hereinafter referred to as "Plaintiff"), individually and on behalf of all similarly situated persons employed by Defendant, B&G FOODS, INC. (hereinafter referred to as "Defendant"), arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq.*, and Defendant's breach of its contractual obligation to pay Plaintiff and other hourly-paid machine operators for all hours worked.

2. Defendant B&G Foods, Inc. "manufactures, sells, and distributes a portfolio of shelf-stable and frozen foods in the United States, Canada, and Puerto Rico." B&G Foods, Inc. sells and distributes its products directly, as well as through a network of independent brokers and distributors to supermarket chains, food service outlets, mass merchants, warehouse clubs,

1

non-food outlets, and specialty distributors. B&G Foods, Inc. was formerly known as B&G Foods Holdings Corp. and changed its name to B&G Foods, Inc. in October 2004. B&G Foods, Inc. was founded in 1996. It is headquartered in Parsippany, New Jersey.[1]

3. Plaintiff and similarly situated machine operators employed by Defendant were victims of Defendant's common unlawful policies in violation of the FLSA and North Carolina Wage and Hour Act, including:

    a. Failing to pay hourly-paid machine operators for time spent working "off the clock" before and/or after their scheduled shifts;

    b. Maintaining a company policy of not paying hourly-paid machine operators for time worked before and/or after their shifts; and

    c. Failing to pay Plaintiff and other hourly-paid machine operators the federal and state mandated rate of one and one-half times their hourly rate for all hours worked over 40 in a workweek.

4. As a result, there were many weeks in which Plaintiff and other machine operators did not receive compensation calculated at time-and-a-half (1.5) of their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and North Carolina Wage and Hour Act.

5. As a result, there were many weeks in which Plaintiff and other machine operators were not compensated at their regular hourly rate for all hours worked, in violation of the North Carolina Wage and Hour Act and North Carolina Common Law.

6. Plaintiff brings this collective and class action pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other similarly situated machine operators employed by Defendant in the applicable time period, and seeks unpaid minimum and overtime wages, in addition to liquidated damages, fees and costs, and any

---

[1] See Defendant B&G Foods, Inc.'s Bloomberg Private Company Profile: https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=6631173 (last accessed May 3, 2019).

2

other remedies to which they may be entitled.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

8. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9. The court has personal jurisdiction over Defendant because at all relevant times Defendant has been headquartered in Parsippany, New Jersey.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) and (d) because the Defendant is subject to personal jurisdiction in this District.

## PARTIES

11. Plaintiff CHARITY TONEY is a resident of Mocksville, North Carolina.

12. Plaintiff worked for Defendant from approximately October 2017 through approximately February 21, 2019.

13. Plaintiff signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

14. Defendant is a for-profit corporation headquartered in Parsippany, New Jersey.

## FACTUAL ALLEGATIONS

**FLSA Coverage**

15. The FLSA applies in this case on an enterprise basis.

16. Defendant's annual sales exceed $500,000.

17. At all relevant times Defendant has had more than two employees engaged in interstate commerce.

18. Plaintiff and other similarly situated hourly-paid machine operators engaged in

interstate commerce during their employment and therefore they were/are also covered by the FLSA on an individual basis.

19. Defendant has employed machine operators at most, if not all, of its manufacturing locations.

20. Plaintiff's and other hourly-paid machine operators' job duties have included producing foods and packaging for Defendant, among other duties.

21. Defendant has classified Plaintiff and other similarly situated hourly-paid machine operators as hourly-paid, non-exempt employees, and has not guaranteed them any minimum weekly salaries.

22. Plaintiff and other similarly situated hourly-paid machine operators work full-time schedules which regularly include hours in excess of forty (40) in a workweek.

23. Defendant maintained a company-wide policy of not paying Plaintiff and other hourly-paid machine operators for time spent working before and/or after the end of their shifts.

24. Plaintiff and other hourly-paid machine operators were not paid for all time they spent working off the clock outside of their scheduled shifts, such as post-shift time spent working at their stations until the next machine operator arrives to replace them on the line.

25. The uncompensated time Plaintiff and other hourly-paid machine operators spent working off the clock would have resulted in overtime pay if compensated.

26. Defendant knew that Plaintiff and other hourly-paid machine operators were spending compensable time working off the clock pre and post shift without receiving pay, but failed to compensate them for such time.

**Plaintiff's Employment**

27. Plaintiff began working for Defendant in approximately October 2017, and continued working in that position until approximately February 21, 2019.

28. Throughout her employment with Defendant, Plaintiff worked in Defendant's Yadkinville, North Carolina location.

29. Defendant directly supervised Plaintiff and determined her work schedules, hours, and conditions of employment.

30. As a machine operator, Plaintiff's duties included manufacturing pizza boxes on a line and sometimes training other employees, among other duties.

31. As a machine operator, Plaintiff received an hourly rate of $11.50 per hour.

32. As a machine operator, Plaintiff typically was scheduled for forty (40) hours per week, which consisted of five (5) shifts or occasionally more of approximately eight (8) hours each.

33. As a machine operator, there were shifts in which Plaintiff was required to arrive approximately 30 minutes prior to the start of her shift to train other employees as a "mentor."

34. As a machine operator, there were shifts in which Plaintiff was required to continue working on the line after the end of her scheduled shift until the next machine operator arrived to replace her.

35. As a result of performing unpaid work before and after her shift, Plaintiff frequently worked over forty (40) hours per week.

36. Throughout her employment with Defendant, there were many weeks in which Plaintiff worked hours in excess of forty (40) in a workweek for which she did not receive compensation at time-and-a-half of her regular rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *Any individual who worked for Defendant as an hourly-paid machine operator at any time within the period of the three (3)*

5

> *years prior to the commencement of this action prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

38. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

39. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every FLSA Collective member, such as:

    a. Whether the FLSA Collective members spent time working pre-shift;

    b. Whether the FLSA Collective members spent time working post-shift;

    c. Whether Defendant maintained a policy or practice of failing to pay FLSA Collective members for time spent working before and/or after their shifts;

    d. Whether Defendant failed to pay FLSA Collective members for time working off the clock pre or post shift;

    e. Whether Defendant failed to pay FLSA Collective members time and a half for all hours they worked over 40 in a workweek.

    f. Whether Defendant's violations of the FLSA were willful and/or in good faith.

40. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

6

## RULE 23 CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *Any individual who worked for Defendant as an hourly-paid machine operator in North Carolina at any time within the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Class"). Plaintiff reserves the right to amend this definition as necessary.

42. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiff reasonably estimates that there are several hundred Class members. Rule 23 Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

43. There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

    a. Whether Rule 23 Class members spent time working pre-shift;

    b. Whether Rule 23 Class members spent time working post-shift;

    c. Whether Defendant maintained a policy or practice of failing to pay FLSA Collective members for time spent before and/or after their shifts;

    d. Whether Defendant contractually agreed to pay Rule 23 Class members for all hours worked;

    e. Whether Defendant failed to pay Rule 23 Class members for time worked outside of their scheduled shifts;

    f. Whether Defendant failed to pay Rule 23 Class members time and a half for all hours worked over 40 in a workweek;

    g. Whether Defendant's violations of the North Carolina Wage and Hour Act were willful and/or in good faith.

44. Plaintiff's claims are typical of those of the Rule 23 Class in that she and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Class members.

45. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

47. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

48. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

49. Because Defendant acted and refused to act on grounds that apply generally to the

Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**(29 U.S.C. § 216(b) Collective Action)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

50. Plaintiff re-alleges and incorporates all previous paragraphs herein.

51. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

52. 29 CFR § 785.18 provides, in part:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

53. 29 CFR § 785.19(a) provides, in part:

> Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

54. Plaintiff and other FLSA Collective Members worked many workweeks in excess of 40 hours within the last three years.

55. At all times relevant to this action, Defendant failed to pay Plaintiff and other FLSA Collective members the federally mandated rate of 1.5 times the regular rate of pay for all hours worked in excess of 40 in a workweek.

56. In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, they should have been paid at the federally mandated rate of 1.5 times of each employee's regular rate of pay, but were not.

57. Defendant's failure to pay Plaintiff and other FLSA Collective members overtime wages was knowing and willful. Defendant knew that its policies resulted in Plaintiff and FLSA Collective members not being paid for time spent working outside of their scheduled shift, and Defendant could have properly compensated them for such work, but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

58. Defendant's failure to pay Plaintiff and other FLSA Collective members overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

59. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

60. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

**COUNT II**
**(Rule 23 Class Action)**

### Violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.6
### FAILURE TO PAY WAGES

61. Plaintiff re-alleges and incorporates all previous paragraphs herein.

62. Plaintiff and Rule 23 Class members were employed by Defendant within the meaning of the North Carolina Wage and Hour Act, and were not exempt from the statute's requirements.

63. N.C. Gen. Stat. § 95-25.6 has provided:

> Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily, weekly, bi-weekly, semi-monthly, or monthly.

64. At all times relevant to this action, Defendant maintained contracts with Plaintiff and every other Rule 23 Class member which required it to pay each employee for each hour they worked at his or his contractual hourly rate as provided therein.

65. Plaintiff and every other Rule 23 Class member performed under the contract by doing their jobs and carrying out pre and post-shift activities that Defendant required or accepted, and thus wages were "accruing" to them within the meaning of 63. N.C. Gen. Stat. § 95-25.6.

66. Defendant violated N.C. Gen. Stat. § 95-25.6 by failing to pay Plaintiff and other Rule 23 Class members wages accrued from time spent working outside of their scheduled shift.

67. As a result of Defendant's violations of the North Carolina Wage and Hour Act, Plaintiff and the Rule 23 Class members are entitled to recover unpaid wages dating two (2) years back, *see* N.C. Gen. Stat. § 95-25.22(f), plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to N.C. Gen. Stat. § 95-25.22.

### COUNT III
### (Rule 23 Class Action)
### North Carolina Common Law
### BREACH OF CONTRACT

68. Plaintiff re-alleges and incorporates all previous paragraphs herein.

69. At all times relevant to this action, Defendant maintained contracts with Plaintiff and every other Rule 23 Class member which required it to pay each employee for each hour they worked at his or his contractual hourly rate as provided therein.

70. Plaintiff and every other Rule 23 Class member performed under the contract by doing their jobs and carrying out pre and post-shift activities that Defendant required or accepted.

71. By not paying Plaintiff and every other Rule 23 Class member the agreed upon hourly wage for time spent working outside of their scheduled shifts, Defendant systematically breached its contracts with Plaintiff and each member of the Rule 23 Class.

72. Plaintiff's and the Rule 23 Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., "gap time" claims).

73. As a direct and proximate result of Defendant's breaches of the contracts alleged herein, Plaintiff and every other member of the Rule 23 Class have been damaged, in an amount to be determined at trial.

74. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Charity Toney, requests an entry of an Order the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA overtime claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claims (Counts II and III);

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as the representative of the Rule 23 Class and undersigned counsel as Class counsel for the same;

e. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f. Declaring Defendant violated North Carolina Wage and Hour Act and that said violations were intentional, willfully oppressive, fraudulent and malicious;

g. Declaring Defendant breached its contracts with Plaintiff and the members of the Rule 23 Class by failing to pay them for each hour they worked at a contractual hourly rate;

h. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and the Rule 23 Class, the full amount of damages and liquidated damages available by law;

i. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by statute;

j. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

k. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Charity Toney, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: June 21, 2019

Jason T. Brown
Nicholas Conlon
Lotus Cannon (*pro hac vice pending*)
BROWN, LLC
111 Town Square Pl Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
lotus.cannon@jtblawgroup.com

*Lead Counsel for Plaintiff*